NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER GELLMAN, an individual;
PALMERSTON GROUP INDEMNITY
SOLUTIONS, LLC, a New Jersey limited
liability corporation,

               Petitioners-Appellees,

  v.

ANDREA HUNSINGER, an individual;
ANDREA HUNSINGER JOLLY, AN
INSURANCE SERVICES
CORPORATION, DBA Advanced Wealth
Plan, a California corporation,

               Respondents-Appellants.

No.   22-55728

D.C. No.
3:18-cv-02641-BAS-AGS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 17, 2023
Pasadena, California

Before:  RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

     Andrea Hunsinger appeals a district court order confirming an arbitration

award entered in favor of Peter Gellman in a dispute over a commission-sharing

---

     *    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

agreement. We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16. We affirm.

1.  Under the Federal Arbitration Act, a court may decline to enforce an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "Arbitrators exceed their powers when they express a manifest disregard of law, or when they issue an award that is completely irrational." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (cleaned up). An award is irrational when it "fails to draw its essence from" the underlying agreement. *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461–62 (8th Cir. 2001)). And an award is in manifest disregard of the law when it is "clear from the record that the arbitrator recognized the applicable law and then ignored it." *Id.* at 1290 (cleaned up). "Neither erroneous legal conclusions nor unsubstantiated factual findings" suffice. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "[T]he FAA provides no authorization for a merits review." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012). The district court correctly confirmed the arbitrator's award under this highly deferential standard of review.

a. Hunsinger contends that the arbitrator manifestly disregarded California law in finding the commission agreement enforceable, claiming that it did not apply to her pre-existing clients and was invalid because Gellman was not licensed to sell insurance in California. But the arbitrator reviewed the contract and found no exception for prior clients. And, in rejecting the licensing claim, he reviewed and applied relevant California statutes, and noted that the insurance policy underlying the dispute was issued in Nevada.

b. The arbitrator also did not manifestly disregard California law in awarding punitive damages. Although California cases prohibit the award of punitive damages for litigation misconduct, Hunsinger has not identified a case extending this principle to arbitration, and at least one district court has found that an arbitrator may base a punitive award on misconduct during arbitration. *See Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, No. CV 09-4106, 2012 WL 2456255, at *6–7 (C.D. Cal. June 26, 2012).

c. Hunsinger argues that her conduct could not give rise to tort liability. *See, e.g.*, *PM Grp., Inc. v. Stewart*, 64 Cal. Rptr. 3d 227, 235 (Ct. App. 2007) ("[A] contracting party is incapable of interfering with the performance of his or her own contract . . . ."). Even assuming that this argument is correct, it does not establish that the arbitrator, who cited and applied California law in finding tort liability, engaged in the manifest disregard of law required to deny confirmation of an award.

3

The FAA requires that the Court leave an award resulting from an arbitrator's "mere error[s] in the law" untouched. *Bosack*, 586 F.3d at 1104.

2.     The arbitrator did not err in awarding Gellman legal fees incurred in compelling arbitration and the share of arbitration fees that Hunsinger refused to pay. The suit to compel arbitration was required when Hunsinger's wholly-owned company refused to arbitrate. And, the underlying agreement required the parties to bear "an equal share of the arbitrators' and administrative fees of arbitration." Contrary to Hunsinger's contentions, the arbitrator analyzed her ability to pay these damages.

**AFFIRMED.**